Nellie Irene Marshall v. Margaret J. Marshall et al., Appellees.

Melvin T. Marshall et al., Appellants.

Gen. No. 5425.

PARTITION—*section 34 of act construed.* When a dower, life or homestead interest in land is sold with the assent of the owner thereof the value thereof is to be determined by using the proceeds of the sale as the basis of the computation to be made.

Bill for partition. Appeal from the Circuit Court of Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

ELLWOOD & MEEK, for appellants.

E. J. RILEY and BARNES & MAGOON, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is a bill by Nellie Irene Marshall, one of the children and heirs at law of Solomon R. Marshall, deceased, for the partition of certain of the lands left by him, in which Margaret J. Marshall, the widow, and his other children were named as defendants. A former partition proceeding by some of the heirs of said decedent had been had in 1891, and as a result

of which a tract of fifty acres, being only a small por-
tion of all the lands owned by said Solomon R. Mar-
shall at the time of his death, had been set-off and al-
lotted to the said Margaret J. Marshall, his widow,
in satisfaction of her homestead and dower in her
husband's estate.  No disposition of the fee of said
premises was made at that time, and this proceeding,
which was commenced by the filing of the bill of com-
plaint on October 30, 1908, sought the partition of
said fifty acres, subject to the rights of the widow
therein.  Issues were joined and the cause was re-
ferred to the master who took proofs and reported
that the widow had an estate for life in the said tract
of fifty acres and that partition should be made
thereof, subject to her life estate.  He also reported
that a minor child also had a certain homestead right
in said tract, subject to his mother's rights therein,
but as no question has been presented to us as to the
rights and interests of such minor, no discussion of
that feature of the case is needed.  A decree of parti-
tion was entered, commissioners were appointed who
reported that the premises were not capable of di-
vision and were worth $200 per acre, and the widow
consented, in writing, that the premises might be sold
free and clear of the encumbrance of her life estate,
agreeing to take in lieu of the real estate, the sum
which the court might fix as the value of her life es-
tate in cash.  There was then a decree of sale and a
sale of the premises for $10,750.  The cause was then
referred again to the master to ascertain the value of
the life estate of said Margaret J. Marshall in said
fifty acres of land and he reported on January 6, 1910,
that the present value of said life estate was $2,442.65.
Objections by the widow to this report were made and
were sustained in part, and the present value of the
widow's life estate was found to be $2,709.45 and her
other objections were overruled, and were treated as
exceptions when the matter came before the court.

The court sustained said exceptions and found the value of said life estate to be $5,829.31 and that the widow was entitled to have said sum paid to her out of the proceeds of said premises in satisfaction of the extinguishment of her life estate. Two of the defendants have appealed to this court from that ruling and have assigned for error that the court below erred in the amount it found to be the value of said life estate and also in the method employed in computing the same. The widow has assigned cross-errors and charges that the value of her life estate should be $433.76 more than the sum found by the court.

When reference of this cause was made to the master for the purpose of finding the value of said life estate, certain proofs and stipulations presented showed that the widow was in good health and that she was born on June 26, 1853; that the rental value of the premises in question is $250 per year; and that farm loans in that vicinity were then being made for five per cent per annum. The master evidently arrived at the value of the life estate by basing his calculations upon the fact that the land had rented for $250 per year; and appellants contend that this basis of computation was the correct one, and that the widow is not to receive any benefit from the high price brought at the sale; that the widow is simply entitled to the use of the land during her life; and that, if the present value of such use by a person of her age is to be found and paid her, the computation must be based upon the amount she had been receiving each year from the land. When the matter of the computation came before the court, the court held that the widow was entitled to an income of five per cent of the total proceeds of the sale, found that her expectancy of life, from the Carlisle tables, was 16.21 years and then found the present value of such an annual income for the period of her expectancy was the sum of $5,829.31 or $3,119.86 more than the amount given her by the master's calculations. The only question presented for our considera-

tion here is which of these two methods of computation is the correct one.

Chapter 106 of the Revised Statutes, entitled "Partition" after providing for the sale of a dower, life or homestead interest in land with the land itself, with the written assent of the party entitled thereto, contains the following provision (sec. 34): "When any such interest is sold, the value thereof may be ascertained and paid over in gross, or the proper proportion of the funds invested, and the income paid over to the party entitled thereto, during the continuance of the estate." This section, in our judgment, settles the question here at issue in favor of the method of computation employed by the court below, as we construe it to mean that the value of the life estate is to be ascertained by figuring upon the proceeds of such sale. If any other meaning should be given to that section, all effect would be taken away from the clause, "when such interest is sold." This section also refers to "the funds" and such reference, in our opinion, means, the sale being had, the total proceeds thereof are to be used in computing the value of any estate therein, such as dower, homestead or for life. It is true that the sum allowed by the court seems to be large as compared with the amount realized by the sale, but it should be remembered that this sum really represents the value of her dower in all the lands of which her husband died seized. It is a fair presumption that if all his land had been sold at this time it would have brought over $30,000 and then the sum allowed her by the court below would not seem too large.

The widow had a life estate in all the land sold at this time and could not have been forced to consent to a sale of her interest therein if she had not been willing to do so. If she had not consented, the land, if sold at all at this time, would have brought only a very low price, as the purchaser would have taken it encumbered with the life estate which might have lasted for thirty years and for which the expectancy was

over sixteen years. If she had not consented to a sale of her interest in the land and the land was not sold, the heirs would have had no benefit out of the land as long as the widow remained alive. Under the present circumstances the heirs get the immediate possession of their share of the value of the land, without having to wait an uncertain period of time. We do not feel that any injustice has been done the appellants by the method of computation employed by the lower court. While the widow insists that she is entitled to receive several hundred dollars more than the court below allowed her, still the court below has substantially followed the Carlisle tables, and other tables recognized as authority do not produce exactly the same result, and we do not feel required to interfere with the figures of the chancellor.

We find no reversible error in the record and the decree is therefore affirmed.

*Affirmed.*